### SKINNER GOODWIN BOOT & RUBBER CO v PEOPLES RAILWAY CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1128.  Decided June 16, 1932

Jacobson & Durst, Dayton, for plaintiff in error.

McMahon, Corwin, Landis & Markham, Dayton, for defendant in error.

ALLREAD, PJ.

A number of witnesses were called in the Municipal Court by the respective parties. The evidence was conflicting and there was considerable doubt as to the facts and conclusions in the case. If the questions presented had been tried in the Court of Common Pleas upon appeal we might be inclined to accept the decision of Judge Snediker as a better review of the weight of the evidence than those of Judge Mills of the Municipal Court. It must be remembered, however, that in passing upon the case upon a petition in error the Court of Common Pleas before it could render a different judgment upon the facts from that of the Municipal Court must find that the finding and judgment of the Municipal Court is contrary to the manifest weight of the testimony offered in the Municipal Court. We will, therefore, analyze the findings of fact of the Municipal Court and the evidence in support thereof. These findings were made by the Municipal Court.

"The court finds that at the time, the plaintiff's truck came to such stop that the street car was being operated by the defendant company, was approximately 50 feet away from it and was on a very slight grade, that it was broad daylight and no obstruction whatever existed between the motorman and the plaintiff's truck and the said car was running at a speed of about 15 to 18 miles per hour.

That said motorman made no effort to apply his brakes or stop the car or to sound his gong until the street car was approximately six feet from the standing truck at which time he first applies the brakes.

The court finds that after applying the brakes, the street car violently struck the left rear corner of plaintiff's truck, which at the time of said collision was at a dead standstill, and dragged it some distance and stopped a small distance past the truck. The court finds that said street car, under the facts attending the accident, the location thereof, the equipment of the street car and all the surrounding circumstances could have been brought to a stop within a less distance than fifty feet if the motorman had been attentive to and properly performing his duties and had his car under control."

These facts so found show that the Rail-

way Company was negligent that the motorman operating the car of the Railway Company had notice of the situation of the truck in time to have avoided the accident by stopping his car before striking the truck. Under the findings of fact of the Municipal Court the plaintiff was entitled to a judgment as rendered. The only question for our consideration is whether the evidence supported the finding of facts of the Municipal Court or whether the finding of facts must be held to be against the weight of the evidence. They cannot be avoided by merely a difference of opinion between the trial and the reviewing court. We cannot escape the conclusion that there was some evidence to support these findings of fact and that it cannot be legitimately held that the findings of fact are against the clear and manifest weight of the evidence.

We are therefore of opinion that the judgment of the Common Pleas Court must be reversed and that of the Municipal Court affirmed. Judgment reversed.

HORNBECK and KUNKLE, JJ, concur.